United States District Court
Northern District of California

1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10   TINA TILLMAN,                              Case No.: 13-cv-00359 JSC

11                Plaintiff,                    **ORDER TO SHOW CAUSE RE:
                                               SUBJECT MATTER JURISDICTION**
12        v.

13
     DARRYL ARCHIE,
14
                 Defendant.
15

16

17        On January 25, 2013, Plaintiff, proceeding pro se, filed a "Complaint for arrest involvement

18   in conspiracy to insight harm on two children." (Dkt. No. 1.)  The Court granted Plaintiff's

19   Application to Proceed In Forma Pauperis on January 31, 2013. (Dkt. No. 4.)

20        Federal courts have limited jurisdiction, and limitations on the court's jurisdiction must

21   neither be disregarded nor evaded.  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374

22   (1978).  The Court is obligated to determine *sua sponte* whether it has subject matter jurisdiction.

23   *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); *see also* Fed. R. Civ. P. 12(h)(3)

24   ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss

25   the action.").   Federal courts have original jurisdiction over "all civil actions arising under the

26   Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "For a case to arise under

27   federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the

28   cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a

substantial question of federal law." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011) (citation and internal quotation omitted).  Federal courts also have original jurisdiction when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a).

Here, Plaintiff's Complaint does not state a basis for federal subject matter jurisdiction.  It is not apparent that her case "arises under federal law" and both parties appear to be citizen of California, thereby defeating diversity of citizenship.  (*See* Dkt. No. 1 (giving Plaintiff's address as Richmond, California); Dkt. No. 3 at 2 (providing that Defendant's employer is "San Francisco Bay Area Transit").)  Given this apparent lack of subject matter jurisdiction, the Court HEREBY ORDERS Plaintiff to show cause as to why this action should not be dismissed without prejudice for lack of federal jurisdiction.  Plaintiff shall file her response to this Order **no later than March 13, 2013**.  Failure to respond by that date may result in dismissal of this case.  Plaintiff may also discharge this Order by dismissing her Complaint if, upon reflection, Plaintiff believes this Court does not have jurisdiction.

**IT IS SO ORDERED.**

Dated:  February 27, 2013

JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE