IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA TILLMAN,<br><br>        Plaintiff,<br><br>   v.<br><br>DARRYL ARCHIE,<br><br>        Defendant. | Case No.: 13-cv-00359 JSC<br><br>**ORDER REASSIGNING CASE AND REPORT AND RECOMMENDATION TO DISMISS** |

On January 25, 2013, Plaintiff, proceeding pro se, filed a "Complaint for arrest involvement in conspiracy to insight harm on two children." (Dkt. No. 1.) The Court granted Plaintiff's Application to Proceed In Forma Pauperis on January 31, 2013. (Dkt. No. 4.) On February 27, 2013, the Court issued an Order to Show Cause ("OSC"), requiring Plaintiff to show cause by March 13 as to why this action should not be dismissed without prejudice for lack of federal jurisdiction. (Dkt. No. 9.) Plaintiff was warned that a failure to respond to the OSC may result in dismissal of her case. Plaintiff has not responded to the OSC or otherwise communicated to the Court.

Federal courts have limited jurisdiction, and limitations on the court's jurisdiction must neither be disregarded nor evaded. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). The Court is obligated to determine *sua sponte* whether it has subject matter jurisdiction. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss

the action."). Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "For a case to arise under federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011) (citation and internal quotation omitted). Federal courts also have original jurisdiction when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

Here, Plaintiff's Complaint does not state a basis for federal subject matter jurisdiction. Moreover, Plaintiff's case against Defendant does not "arise under federal law." Although not entirely clear, it appears that Plaintiff alleges that Defendant, as a result of the parties' marital divorce, has "conspir[ed] to insight harm on two children." (Dkt. No. 1.) The undersigned is not aware of any federal law that creates a cause of action based on the facts alleged in the Complaint, or any substantial question of federal law the resolution of which Plaintiff's Complaint depends upon. In addition, both parties appear to be citizens of California, thereby defeating diversity of citizenship. (*See* Dkt. No. 1 (giving Plaintiff's address as Richmond, California); Dkt. No. 3 at 2 (providing that Defendant's employer is "San Francisco Bay Area Transit").)

As Plaintiff has neither consented to nor declined the undersigned magistrate judge's jurisdiction, the Clerk of the Court is ordered to reassign this action to a district court judge. Based on the foregoing, the undersigned RECOMMENDS that the newly assigned district judge DISMISS this action for lack of federal jurisdiction

**IT IS SO ORDERED.**

Dated: March 25, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE